UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GIOVANNI TORRES,
    Plaintiff,

v.                        No. 3:20-cv-951 (VLB)

DOC,
    Defendant.

## ORDER

Plaintiff, Giovanni Torres, currently confined at Garner Correctional Institution in Newtown, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983. Plaintiff names one defendant, the Department of Correction ("DOC"). He alleges that correctional staff are not properly supervising inmates. Plaintiff seeks injunctive relief.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* This requirement applies both when plaintiff pays the filing fee and when he proceeds *in forma pauperis*. *See Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam).

In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed

allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "pro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

## I. Allegations

Correctional officers, captains, nurses, counselors, and mental health workers bring their cell phones to work. Doc. #1 at 4. They spend the day using their phones or chewing tobacco. *Id.* They do not make rounds as often as they should, and when they do, they do not look into the cells. *Id.* They do not wear masks or permit inmates to clean their cells. *Id.* at 5.

## II. Discussion

Plaintiff names only one defendant, the Department of Correction, a state agency. Section 1983 requires that each defendant be a person acting under color of state law. 42 U.S.C. § 1983 ("Every person who under color of any statute, ordinance, regulation, custom or usage of any State … subjects or

causes to be subjected…."). State agencies, however, are not persons within the meaning of section 1983. See *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (state agencies cannot be sued under section 1983); *Bhatia v. Connecticut Dep't of Children & Families*, 317 F. App'x 51, 52 (2d Cir. 2009) (same); *Santos v. Connecticut Dep't of Corr.*, 3:04-CV-1562(JCH)(HBF), 2005 WL 2123543, at *3 (D. Conn. Aug. 29, 2005) (observing that "[n]either a Department of Correction not a correctional institution is a person "subject to liability under section 1983"). Accordingly, all claims are dismissed.

In addition, plaintiff does not allege that he suffered any injury as a result of the actions he describes in the complaint and the actions of correctional staff, using cell phones, chewing tobacco, and conducting cursory inspections, sound in negligence, which is not cognizable under section 1983. See *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986) (negligent failure to protect from harm caused by another inmate insufficient to state constitutional violation); *Poe v. Leonard*, 282 F.3d 123, 145 (2d Cir. 2001) ("mere negligence is insufficient as a matter of law to state a claim under section 1983"). Thus, amendment to name proper defendants would be futile.

CONCLUSION

The Complaint is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1).

SO ORDERED.

Dated this 20th day of July 2020 at Hartford, Connecticut.

                                        /s/
                            Vanessa L. Bryant
                            United States District Judge